UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 21-02169 AB (PVC)                                  Date: March 14, 2022

Title     Dante Maurice Lankford v. Heather Shirley, Acting Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:          Attorneys Present for Respondent:
                None                                                        None

**PROCEEDINGS:  [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE**

On December 14, 2021, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 8).[1] The Petition raises fourteen grounds for federal habeas relief:[2] (1) playing an anonymous phone recording to jury violated Petitioner's confrontation rights; (2) ineffective assistance of trial counsel for failure to object to playing the phone recording; (3) ineffective assistance of appellate counsel for failure to raise the phone recording issue on appeal; (4) prosecutorial misconduct for failure to disclose exculpatory

---

[1] Under the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was December 14, 2021. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] The Petition lists seven grounds for relief. However, many of the grounds contain multiple claims, which the Court has separately described.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-02169 AB (PVC)                                   Date:  March 14, 2022

Title     Dante Maurice Lankford v. Heather Shirley, Acting Warden

evidence related to police officer witnesses; (5) ineffective assistance of appellate counsel for failure to raise prosecutorial misconduct on appeal; (6) ineffective assistance of trial counsel for conceding that Petitioner possessed a firearm; (7) ineffective assistance of appellate counsel for failure to raise the sufficiency of firearm-related evidence on appeal; (8) ineffective assistance of trial counsel for failing to subpoena the criminal and mental health records of all lay witnesses; (9) prosecutorial misconduct for failing to disclose exculpatory evidence related to lay witnesses; (10) insufficient evidence the Petitioner inflicted great bodily injury; (11) ineffective assistance of appellate counsel in failing to raise the insufficient evidence claims on appeal; (12) insufficient evidence that Petitioner committed any robbery or auto theft; (13) ineffective assistance of counsel for failing to object to hearsay evidence or make a meaningful defense; and (14) the cumulative effect of multiple errors warrants habeas relief.  (*Id.* at 12–27).  However, it appears that Petitioner's claims are subject to dismissal without prejudice pursuant to the *Younger* abstention doctrine.

## The *Younger* Abstention Doctrine

As a general proposition, federal courts must abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate.  *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *accord Sprint Commc'n., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  This concept is referred to as the doctrine of abstention or the *Younger* doctrine.  Although "application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance" while state proceedings are pending, "the federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise."  *Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. 2005).

*Younger* abstention in favor of a state proceeding is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 21-02169 AB (PVC)                                Date:  March 14, 2022

Title       Dante Maurice Lankford v. Heather Shirley, Acting Warden

petitioner's federal claims.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992).  However, federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment, or that some other "extraordinary circumstances" exist, such as where proceedings are being conducted pursuant to a "flagrantly" unconstitutional statute.  *Younger*, 401 U.S. at 49, 53–54.  When a federal court determines that the *Younger* doctrine applies, it must dismiss the pending action without prejudice.  *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, *Younger* abstention requires *dismissal* of the federal action.").

      The paradigm *Younger* problem arises when a state criminal defendant, fearing a violation of his federal constitutional rights in a pending prosecution, petitions a federal court to restrain the state court from proceeding against him.  *See e.g.*, *Younger*, 401 U.S. at 37; *Page v. King*, 932 F.3d 898, 899–900, 902–03 (9th Cir. 2019) (applying *Younger* doctrine in federal habeas proceeding); *Edelbacher v. Calderon*, 160 F.3d 582, 583–85 (9th Cir. 1998) (same); *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1184–86 (C.D. Cal. 2003) (same).  Federal courts have almost invariably applied the *Younger* doctrine when a decision favorable to the federal litigant in a state court would moot the federal proceeding—*e.g.*, when a federal habeas petitioner still has a direct appeal to his conviction pending in state court.  *See Sherwood v. Tomkins*, 714 F.2d 632, 634 (9th Cir. 1983) ("[E]ven if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.").  Further, a federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  As the Supreme Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-02169 AB (PVC)                                    Date:  March 14, 2022

Title        Dante Maurice Lankford v. Heather Shirley, Acting Warden

instructed, "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citation omitted).

Thus, "in the absence of unusual circumstances, a state prisoner cannot proceed with his § 2254 petition when the state trial court has not yet rendered a decision as to the proper penalty."  *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77 (1st Cir. 2002) (citing *Edelbacher*, 160 F.3d at 585).  As the Ninth Circuit held in *Edelbacher*:

> When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action.  …  The delay in this case was not extreme, unusual or attributable to the ineffectiveness of the state courts.  …  As *Younger* makes clear, our federal judiciary, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."

160 F.3d at 582–83, 587 (quoting *Younger*, 401 U.S. at 44); *cf. Phillips v. Vasquez*, 56 F.3d 1030, 1031–33 (9th Cir. 1995) (finding "unusual circumstances" where a habeas petitioner's capital conviction was final, but his sentence was still being appealed 15 years after his conviction).

Here, Petitioner's criminal proceedings in state court are still pending.  In March 2019, a Riverside County Superior Court jury, in case numbers RIV1803987 and RIV1804692, found Petitioner guilty of 22 criminal offenses, including two counts of inflicting corporal injury on a spouse in violation of California Penal Code ("P.C.") § 273.5(f)(2); two counts of making a criminal threat, in violation of P.C. § 422; assault with a firearm, in violation of P.C. § 245(a)(2); stalking, in violation of P.C. § 649.6(b); assault by means of force likely to produce great bodily injury, in violation of P.C. § 245(a)(4); first-degree burglary, in violation of P.C. § 459; two counts of dissuading a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 21-02169 AB (PVC)                                Date:  March 14, 2022

Title     Dante Maurice Lankford v. Heather Shirley, Acting Warden

witness, in violation of P.C. § 136.1(a)(2); two counts of battery of a spouse, in violation of P.C. § 243(e)(1); and two counts of robbery, in violation of P.C. § 211.  (Pet. at 2, 9, 83); *see People v. Lankford*, No. E072649, 2021 WL 4785922, at *1 & n.2 (Cal. Ct. App. Oct. 14, 2021) ("*Douglas I*") (nonpublished opinion).  The trial court sentenced Petitioner to a prison term of 45 years.  (Petition at 2).

On October 14, 2021, the California Court of Appeal modified the judgment to indicate Petitioner's prison prior enhancement imposed pursuant to P.C. § 667.5(b) has been stricken instead of stayed, and further modified to strike the imposition of a $1,500 assessment pursuant to P.C. § 1203.1c.  *Douglas I*, 2021 WL 4785922, at *17.  The California Court of Appeal further directed the trial court to prepare an amended abstract of judgment to reflect these modifications.  *Id.*  As modified, the California Court of Appeal affirmed the judgment.  *Id.*

In November 2021, Petitioner filed a petition for review, which the California Supreme Court granted on January 5, 2022.  The California Supreme Court transferred the matter to the California Court of Appeal, with directions to "vacate its decision and reconsider the cause in light of [California] Senate Bill No. 567."[3]  *See* California Appellate Courts Case Information, case no. S271926.[4]  On February 7, 2022, the California Court of Appeal vacated Petitioner's sentence, remanded the matter to the trial court for further proceedings, and directed the trial court "to provide the district attorney

---

[3] California Senate Bill No. 567 modified P.C. § 1170(b) "to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence."  *People v. Bermudez*, No. F080586, 2022 WL 620239, at *1 (Cal. Ct. App. Mar. 2, 2022).

[4] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm> ("Cal. Case Info.").  *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-02169 AB (PVC)                                      Date:  March 14, 2022

Title      Dante Maurice Lankford v. Heather Shirley, Acting Warden

the opportunity to elect whether to proceed with proving circumstances in aggravation beyond a reasonable doubt under the newly enacted provisions of section 1170, subdivision (b), or to accept resentencing applying the terms of the newly enacted provisions." *People v. Lankford*, No. E072649, 2022 WL 354698, at *18 (Cal. Ct. App. Feb. 7, 2022) (*Douglas II*) (nonpublished opinion).[5]

It appears that Petitioner has not yet been resentenced.  While the California Court of Appeal's remand to the trial court concerns only Petitioner's sentence, and his habeas petition concerns his conviction, the *Younger* abstention still applies.[6]  Until the trial court resentences Petitioner, his sentence remains in flux and there is no final judgment as to his conviction and sentence.  *See Burton*, 549 U.S. at 156.

Further, the Petition does not identify any "extraordinary circumstances" that would warrant an exception to *Younger*.  Here, as in *Edelbacher*, there are no "unusual circumstances which might suggest that no end is in sight to the state court proceedings." 160 F.3d at 584 (internal quotation marks omitted).  There have not been large delays between state court actions as in *Phillips*.  *See Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 1998) (holding that *Phillips* did not apply because there was no "extreme delay" in the pendency of the petitioner's state sentencing proceedings).  Indeed, the California Supreme Court ruled promptly on Petitioner's petition for review and within one month, the California Court of Appeal remanded the matter to the trial court for resentencing. "Under these circumstances, the principles of comity strongly suggest that the courts of California be given the opportunity to determine the proper sentence to be imposed upon the petitioner."  *Edelbacher*, 160 F.3d at 587.

---

[5] In the meantime, Petitioner filed a habeas petition in the California Supreme Court, which remains pending.  *See* Cal. Case Info., case no. S272392.

[6] It appears that Petitioner has not yet exhausted all his habeas claims in the state courts.  (Pet. at 3–5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-02169 AB (PVC)                                          Date:  March 14, 2022

Title          Dante Maurice Lankford v. Heather Shirley, Acting Warden

Accordingly, it appears that Petitioner's claims may be subject to the *Younger* abstention doctrine because his state criminal action is still pending and the other criteria for abstention appear satisfied.  In response to this Order, Petitioner must explain why the elements for *Younger* abstention are not present here, or identify any "extraordinary circumstances" that would warrant an exception to *Younger*.

### Conclusion and Order

Because Petitioner's criminal proceedings are still pending in state court, it appears that the instant claims are subject to dismissal without prejudice pursuant to the *Younger* abstention doctrine.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed without prejudice under *Younger*.  After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.